# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

ILKB of CNY, LLC, et al.,

        Plaintiffs,

v.

        **MEMORANDUM OF LAW & ORDER**
        Civil File No. 19-1064 (MJD/ECW)

FRANCHOICE, INC. and
JEFF SHAFRITZ,

        Defendants.

Elliot R. Ginsburg, Erin C. Johnsen, and W. Michael Garner, Garner Ginsburg & Johnsen, P.A., and Michael J. Adams and Robert B. Calihan, Calihan Law PLLC, Counsel for Plaintiffs.

Robin M. Wolpert, Ryan O. Vettleson, and Sonia L. Miller-Van Oort, Sapientia Law Group, Counsel for Defendants.

The above-entitled matter comes before the Court upon the Report and Recommendation of the United States Magistrate Judge dated December 19, 2019. No objections have been filed. When no objections are filed within the filing period, the Court reviews the Report and Recommendation for "clear error." Grinder v. Gammon, 73 F.3d 793, 795 (8th Cir. 1996). Based upon the Court's review of the files and records, the Court adopts in part and modifies in

part the Report and Recommendation.  The Court adopts all of the Report and

Recommendation with the exception of Section III(A)(5)(c), found at pages 21

through 24 of the Report and Recommendation.  Section III(A)(5)(c) of the Report

and Recommendation is replaced with the following:

### Section (III)(A)(5)(c): Commencement of the Present Action

The parties also disagree as to the commencement date of Plaintiffs' action.

According to Defendants, Minnesota law applies, and therefore the action was

not commenced for statute of limitations purposes until even after the April 20,

2019 deadline for claims related to the April 20, 2016 agreement.  ([Docket No.

16] at 11-12.)  Plaintiffs assert that New York law applies.  ([Docket No. 22] at 6-

7.)  As such, Plaintiffs argue that the commencement of the action occurred on

April 18, 2019 upon the filing of Summons and Complaint with the Court, prior

to the expiration of the statute of limitations.  (Id.)

"Although commencement of an action is a procedural question, the

United States Supreme Court has held that state law governs when a suit is

commenced in a diversity action."  Enervations, Inc. v. Minnesota Mining & Mfg.

Co., No. CIVA. 024923 (DWF/SRN), 2003 WL 21744236, at *3 (D. Minn. July 25,

2003) (citing Walker v. Armco Steel Corp., 446 U.S. 740, 751–53 (1980)), aff'd, 380

F.3d 1066 (8th Cir. 2004).  Under New York law, an action is commenced by filing a summons and complaint.  <u>See</u> N.Y. C.P.L.R. § 304(a).  Under Minnesota law, an action is commenced upon service of the summons and complaint.  <u>See</u> Minn. R. Civ. P. 3.01; <u>see also</u> <u>Larsen v. Mayo Med. Ctr.</u>, 218 F.3d 863, 867 (8th Cir. 2000). As set forth above, because the substantive law of New York applies to the claim at issue, the Court applies the statute of limitations as set forth in the NYFSA. <u>See</u> Minn. Stat. § 541.31(a)(1).

In <u>Walker v. Armco Steele Corp.</u>, the Supreme Court held that, in a diversity action brought under Oklahoma state law in federal court in Oklahoma, Oklahoma's state statute providing that a civil action is not commenced until the summons is served on the defendant determined the date that lawsuit was commenced and the Oklahoma statute of limitations was tolled.  446 U.S. 740, 752.  Federal Rule of Civil Procedure 3, which stated that a civil action is commenced by filing the complaint, did not determine when tolling occurred. The Court explained that "[t]here is no indication that the [Federal] Rule was intended to toll a state statute of limitations, much less that it purported to displace state tolling rules for purposes of state statutes of limitations." <u>Id.</u> at 750–51 (footnote omitted).  "In contrast to Rule 3, the Oklahoma statute is a

statement of a substantive decision by that State that actual service on, and accordingly actual notice by, the defendant is an integral part of the several policies served by the statute of limitations." Id. at 751 (citation omitted). Under Walker, "state commencement rules apply because they are 'part and parcel of the statute of limitations.'" Larsen v. Mayo Med. Ctr., 218 F.3d 863, 867 (8th Cir. 2000) (quoting Walker, 446 U.S. at 752). See also West v. Conrail, 481 U.S. 35, 39 n.4 (1987) ("Respect for the State's substantive decision that actual service is a component of the policies underlying the statute of limitations requires that the service rule in a diversity suit 'be considered part and parcel of the statute of limitations.'") (quoting Walker, 446 U.S. at 752).

Here, New York substantive law and New York's statute of limitations apply to Plaintiffs' NYFSA claim. It cannot be said that **Minnesota**'s civil procedure rule providing that an action is commenced upon service of the summons and complaint are "an integral part" or "part and parcel" of **New York**'s statute of limitations. In fact, New York views its statute regarding commencement of an action through filing as integral to its statute of limitations and to determining tolling. See, e.g., In re Joint E. & S. Dist. Asbestos Litig., No. CV-86-4286, 1988 WL 95335, at *3 (E.D.N.Y. Sept. 1, 1988) ("New York rules

4

defining the time when an action commences are an integral part of New York's

statutes of limitations.") (addressing pre-1992 version of New York law

regarding time when action commences) (citing <u>Morse v. Elmira Country Club</u>,

752 F.2d 35, 38 (2d Cir. 1984)).  The New York statute explicitly provides that,

when computing New York statutes of limitations, "[t]he time within which an

action must be commenced, except as otherwise expressly prescribed, shall be

computed from the time the cause of action accrued to the time the claim is

interposed;" and "[i]n an action which is commenced by filing, a claim asserted

in the complaint is interposed against the defendant or a co-defendant united in

interest with such defendant when the action is commenced."  N.Y. C.P.L.R.

203(a), (c).  "An action is commenced by filing a summons and complaint or

summons with notice."  N.Y. C.P.L.R. 304.  Thus, the fact that New York

considers a lawsuit commenced upon filing is interwoven into the computation

of its statute of limitations.  Although, before 1992, New York required service of

a summons to commence an action, in 1992, New York made a policy decision to

amend the statute and convert to a "commencement-by-filing system."

<u>Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A.</u>, No. 11 CIV. 1529 KMW, 2014 WL

684831, at *4 (S.D.N.Y. Feb. 21, 2014) (citation omitted).  <u>See also</u> <u>Cannellas ex rel.</u>

Estate of DiGiacomo v. Lentz, 396 F. Supp. 2d 435, 438 (S.D.N.Y. 2005) ("[U]nder

[New York law], plaintiff's filing of the complaint . . . was sufficient to commence

the original action and, under [New York law], such filing was also sufficient to

interpose the claims asserted against the defendant and to toll the statute of

limitations on those claims."); Barad v. Comstock, No. 03 Civ. 0736, 2004 WL

1573999, at *2 n. 5 (W.D.N.Y. June 4, 2004) ("[S]ervice of process does not mark

the commencement of a civil case under New York law.  Rather, plaintiff's state

court action [i]s commenced upon the filing of the summons and complaint.

Service of process is a separate and follow-up procedure.") (citations omitted).

The Court concludes that, under Walker, New York, not Minnesota, law

governs when the lawsuit was commenced with regard to Plaintiffs' NYFSA

claim.  See, e.g., Houraney v. Schley, No. 08-80837-CIV, 2009 WL 10712499, at *6

(S.D. Fla. Sept. 4, 2009) (applying New York statute regarding commencement of

lawsuit by filing summons and complaint in diversity case based on New York

law brought in federal court in Florida), report and recommendation adopted,

No. 08-80837-CIV, 2009 WL 10712498 (S.D. Fla. Sept. 17, 2009).

Because Plaintiffs' lawsuit was commenced on April 18, 2019, when the

summons and complaint were filed, the Amended Complaint does not

definitively establish that Plaintiffs' NYFSA claim is barred by the statute of

limitations, and Defendants' motion to dismiss on that ground is denied.

Accordingly, based upon the files, records, and proceedings herein, **IT IS**

**HEREBY ORDERED**:

1. The Court **ADOPTS IN PART** and **MODIFIES IN PART** the Report
   and Recommendation of the United States Magistrate Judge dated
   December 19, 2019 [Docket No. 51].

2. Defendants' Motion for Partial Dismissal Pursuant to Rule
   12(b)(6) [Docket No. 14] is **GRANTED IN PART** and **DENIED
   IN PART**: Plaintiffs' New York Franchise Sales Act claim is
   **DISMISSED WITH PREJUDICE** as to the extent it is based on
   the November 2015 Agreement and **REMAINS** to the extent it is
   based on the April 20, 2016 Multi-Outlet Agreement, and Teresa
   Ranieri's Common Law Claims **REMAIN**.

Dated:   February 11, 2020            s/ Michael J. Davis
                                      Michael J. Davis
                                      United States District Court